**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4292**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TENNYSON HARRIS, a/k/a Mark T, a/k/a Teddy,

Defendant - Appellant.

———————

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7536)

———————

Submitted:  October 14, 2005      Decided:  December 29, 2005

———————

Before KING, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Timothy S. Mitchell, LAW OFFICE OF TIMOTHY S. MITCHELL, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Mythili Raman, Steven M. Dunne, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). In our prior opinion, we affirmed Harris's conviction and 360-month sentence imposed after a jury convicted him of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2000). United States v. Harris, No. 03-4292, 2004 WL 1895199 (4th Cir. Aug. 25, 2004) (unpublished), vacated, 125 S. Ct. 1087 (2005). After reviewing Harris's appeal in light of Booker, we affirm his conviction for the reasons stated in our prior opinion, vacate his sentence, and remand for resentencing.

Harris asserts that his Sixth Amendment rights were violated because the district court enhanced his offense level based upon facts not alleged in the indictment or found by the jury. He argues that this error should be reviewed under a harmless error standard because he objected to the enhancements at sentencing and cited Apprendi v. New Jersey, 530 U.S. 466 (2000), in his objections. Harris also asserts that he is entitled to be resentenced even if his sentence is reviewed under a plain error standard. The Government responds that because Harris did not assert a Sixth Amendment objection to the enhancements, but rather argued the sufficiency of the evidence supporting those

enhancements, this court should review his sentence under a plain error standard.  The Government also concedes that Harris is entitled to be resentenced pursuant to this court's decision in United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  Our review of Harris's written objections to the presentence report and the sentencing transcript support the Government's assertion that plain error review is appropriate, as Harris did not assert objections based upon the Sixth Amendment, but argued that the facts supporting the drug quantity and enhancements to his offense level had not been sufficiently established at trial.

Harris argues that the drug quantity attributed to him for sentencing should have been limited to the 1000 kilograms or more of marijuana charged in the indictment and found by the jury, which would result in a base offense level of 32,[1] and that the other enhancements should not be applied because they were not found by the jury or admitted by him.  To demonstrate plain error, Harris must establish that error occurred, that it was plain, and that it affected his substantial rights.  Id. at 547-48.  If a defendant satisfies these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or

---

[1]See U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(c)(4) (2001).

public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions and thereby making the guidelines advisory. Id. at 756-67 (Breyer, J., opinion of the Court). After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a district court imposes a sentence outside the guideline range, the court must state its reasons for doing so as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

Here, the district court sentenced Harris under the mandatory federal sentencing guidelines and established a base offense level of thirty-four by determining that Harris was responsible for more than 3000 kilograms but less than 10,000 kilograms of marijuana. The court also enhanced Harris's base offense level by two levels for possession of a dangerous weapon,

- 4 -

and by four levels for a leadership role, yielding a total offense level of forty. The resulting guideline range for a criminal history category of IV was 360 months to life imprisonment. The district court sentenced Harris to 360 months of imprisonment--the bottom of the guideline range.

Using only the amount of drugs found by the jury (more than 1000 kilograms of marijuana) and without the enhancements for possession of a weapon and leadership role, Harris's offense level would have been thirty-two. See USSG § 2D1.1(c)(4). With a criminal history category of IV, Harris's guideline range would have been 168 to 210 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). Because the Government filed a notice of prior felony drug conviction pursuant to 21 U.S.C. § 851 (2000), however, Harris was subject to a mandatory minimum of twenty years of imprisonment, so the guideline range becomes 240 months. USSG § 5G1.1(b). The 360-month sentence Harris received is longer than the maximum of 240 months the district court could have imposed based solely on the facts found by the jury. See Hughes, 401 F.3d at 548. We conclude that the district court's plain error in sentencing Harris based upon facts found by the court and not the jury affects his substantial rights and warrants correction.[2]

---

[2]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Harris's sentencing. Hughes, 401 F.3d at 545 n.4.

Accordingly, we affirm Harris's conviction, but vacate his sentence and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED